| AUBREY PITRE ET AL. | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 10-3045 |
| | * | |
| TIGER TUGZ, LLC | * | SECTION "L" (3) |

## ORDER AND REASONS

Before the Court is a Motion for Leave to File Cross-Claim (Rec. Doc. No. 52) filed by Plaintiff. The Court, having reviewed the submitted memoranda and the applicable law, is ready to rule. For the following reasons, the Plaintiff's Motion for Leave to File Cross-Claim is granted.

## I. BACKGROUND

This case arises out of injuries allegedly sustained by Plaintiffs Aubrey Pitre and David Bonvillain on October 18, 2009. On that day, Plaintiffs were on a boat owned and operated by Mr. Pitre, traveling along Bayou Black in Terrebonne Parish. According to Plaintiffs, the M/V TIGER PRIDE, a tug boat owned and operated by Defendant Tiger Tugz, LLC, was nearby when it suddenly and without warning powered up and approached them, causing a prop wash to wash over the bow of their vessel. According to Plaintiffs, this forced them to jump overboard as their vessel capsized and sunk. On September 13, 2010, Plaintiffs filed suit in this Court, seeking to recover damages for the injuries that they have sustained. In its answer, Defendant denied liability.

On March 21, 2011, Plaintiff (represented by his previous counsel, Mr. St. Martin) and

Defendant reached a settlement. Shortly afterward, however, Plaintiff fired his attorney and sought to withdraw his agreement to the settlement.

On June 6, 2011, Defendant filed a Motion to Enforce the Settlement Agreement reached between Defendant and Plaintiff Aubrey Pitre's former counsel, Christopher St. Martin. The Court continued the evidentiary hearing on the motion indefinitely to allow for settlement discussions.

## II. PRESENT MOTION

Plaintiff has filed a Motion for Leave to File Cross-Claim. Plaintiff has requested permission to file a malpractice claim against the Intervenor, his former counsel, for his acts and omissions related to the settlement conference that took place in this matter on April 12, 2011.

The Intervenor has filed an opposition to Plaintiff's motion. In it, the Intervenor argues that the Court should deny Plaintiff's motion because the malpractice claim is perempted. Mr. St. Martin argues that because the alleged malpractice took place on April 12, 2011, and Louisiana state law provides a one-year peremption period for malpractice claims, the Motion for Leave to File Cross-Claim, filed on April 22, 2012, is too late. According to Mr. St. Martin, the Plaintiff had either actual knowledge or, through his independent counsel in attendance at the conference, constructive knowledge of the malpractice on the day of the settlement conference. Therefore, because the knowledge of the malpractice begins the one-year peremption period, the Plaintiff's suit has been time-barred as of April 12 2012.

Plaintiff has filed a response to Intervenor's opposition. In it, Plaintiff argues that the peremption period could not have begun to run on April 12, 2011. According to Plaintiff, a layperson could not have been aware of his attorney's ethical duties at the settlement conference.

2

Therefore, Plaintiff should not be deemed to have had actual knowledge of the malpractice on April 12, 2011. Furthermore, Plaintiff argues that he could not have had constructive knowledge of the malpractice until after he retained an attorney, and that attorney received his case file from his former counsel. The Plaintiff places this date as no earlier than April 26, 2011, as evidenced by a letter from his current counsel to his former attorney. Therefore, Plaintiff argues, beginning the peremption period on April 26, 2011, his motion for leave to file the cross-claim is not time-barred.

## III.  LAW AND ANALYSIS

A motion for leave to file cross-claims is not automatically granted and is not mandated when such claims would be futile. *See Avatar Exploration v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 321 (5th Cir. 1991) ("We . . . affirm denials of motions to amend when amendment would be futile."). A cross-claim is futile if it fails to state a claim upon which relief can be granted. *See Singletary v. Hot Entergy Service, Inc.*, 2010 WL 1936222 (E.D. La. May 13, 2010). In order to determine futility, courts apply the same standard of legal sufficiency that applies under Rule 12(b)(6), *i.e.*, "whether, in the light most favorable to the plaintiff, and which every doubt resolved in his behalf, the complaint states any valid claim for relief." *Id.* at *3; *see also Menard v. Board of Trustees of Loyola University of New Orleans, et al.*, 2004 WL 856641 at *9 (E.D. La. April 19, 2004) ("The court will treat a proposed amendment as futile if it cannot survive a motion to dismiss for failure to state a claim under Rule 12(b)(6).").

In this matter, the parties dispute whether the Plaintiff's potential cross-claim is time-barred by the statutory peremption period. The Plaintiff has requested leave to file a malpractice claim against the Intervenor, his former attorney. Under Louisiana law, legal malpractice claims

are perempted "unless filed in a court of competent jurisdiction . . . within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered." *Gorman v. Billingsley*, 1999 WL 1240817, at *1 (5th Cir. 1999); La. Rev. Stat. § 9:5605. Mr. St. Martin argues that the claim is perempted because the alleged malpractice occurred on April 12, 2011, more than one year before the Plaintiff requested leave to file his claim on April 22, 2012. According to the Intervenor, the Plaintiff's objection to the settlement at the April 12, 2011, conference is evidence of his actual knowledge of the alleged malpractice, and therefore the peremption period should be calculated from that date. Furthermore, the Intervenor argues that the Plaintiff also had constructive knowledge from the independent counsel present at the conference. The Plaintiff disputes these conclusions, arguing that a layperson cannot be deemed to be on notice of his attorney's ethical mistakes. The Plaintiff places the earliest possible date of his knowledge of the malpractice at April 26, 2011, when his current counsel requested the case file from the Intervenor. Under this theory, the Plaintiff's malpractice claim would not be time-barred.

At this time, however, the evidence is not clear regarding which party is correct in this argument. The Intervenor's position requires this Court to hold the Plaintiff responsible for discovering his attorney's ethical missteps on the very date that they occurred. Considering the responsibilities and sometimes detailed duties, including a mandatory duty to report a settlement to Medicare, that we require of attorneys, the Court does not find this appropriate without more concrete evidence regarding the events of April 12, 2011. On the other hand, although the Plaintiff proposes the day that his current counsel received his case file as the date on which to begin the peremption period, Louisiana courts have held that "[w]hile hiring an attorney is

evidence of awareness of a potential legal malpractice claim, it is not the earliest date prescription begins to run, since such awareness must precede the formation of an intent to consult an attorney." *Turnbill v. Thensted*, 757 So.2d 145 (La. App. 4 Cir. 2000). In this case, it is not yet settled whether the Plaintiff had the requisite knowledge of the potential claim prior to April 22, 2011, in which case the malpractice claim would be perempted. Therefore, the Court will allow the Plaintiff to file his claim and the parties to begin discovery regarding the malpractice issue. If, thereafter, the Intervenor deems its appropriate, he may file a Motion for Summary Judgment on the malpractice claim.

Accordingly, the Court will grant the Plaintiff's Motion for Leave to File Cross-Claim.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's Motion for Leave to File Cross-Claim (Rec. Doc. No. 52) is hereby **GRANTED**.

New Orleans, Louisiana, this 11th day of July, 2012.

 

_____

UNITED STATES DISTRICT JUDGE